**Robert LEPPER, et al.**

v.

**AVCO LYCOMING DIVISION, AVCO CORPORATION.**

**Civ. No. B–81–352(EBB).**

United States District Court,
D. Connecticut.

Dec. 31, 1986.

Michael Koskoff, Beverly Hodgson, Lawrence V. Parnowss, Debbie Spivak, William Vogler, Bridgeport, Conn., for plaintiffs.

Edward Maum Sheehy, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., Don A. Banta, William T. Coleman, J. Kevin Hennessy, Chicago, Ill., for defendant.

## RULING ON APPLICATIONS FOR ATTORNEYS' FEES AND COSTS

ELLEN B. BURNS, District Judge.

This action was brought in August, 1981, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.*, on behalf of a class of plaintiffs alleging age discrimination against the defendant Avco Lycoming. In late 1985, shortly before trial was scheduled to begin, the plaintiffs achieved a settlement of their claims with the defendant. Pending before the court are two applications for attorneys' fees and costs submitted by counsel for the plaintiffs. Attorney Beverly J. Hodgson, who represented fourteen of the plaintiffs, is seeking an award of fees and costs totaling $143,632.48. Attorney Debbie A. Spivak, who represented the plaintiff William Vogler, is seeking $54,662.45 in fees and costs. The defendant does not dispute that the plaintiffs are "prevailing parties" entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b). The defendant does, however, dispute the number of hours claimed by plaintiffs' counsel and the rate of hourly compensation. Defendant also argues that plaintiffs have failed to justify the application of a "multiplier" in this instance.

Title 29 U.S.C. § 216(b) provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In calculating reasonable attorney's fees the first step is to arrive at a "lodestar" figure by multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Sten-son*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984). There is a strong presumption that the product of reasonable hours multiplied by a reasonable rate is the "reasonable fee" to which counsel is entitled by statute. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986); *Blum*, 465 U.S. at 888, 104 S.Ct. at 1543. "The 'novelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." *Delaware Valley Citizens Council*, 106 S.Ct. at 3098 quoting *Blum*, 465 U.S. at 898–900, 104 S.Ct. at 1548–1549. An upward adjustment to the lodestar figure is justified only in "rare" and "exceptional" cases. *Blum*, 465 U.S. at 899–900, 104 S.Ct. at 1549. Similarly, a downward adjustment may be appropriate where a plaintiff's success "is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

### A. Number of Hours

#### 1. Attorney Beverly Hodgson and Linda Grossberg

Attorney Hodgson has submitted affidavits to the court describing with particularity the time spent litigating this matter.

Attorney Hodgson has claimed 254.8 hours through the time of the settlement of the case and 6.2 hours preparing the fee application. She has also filed a supplemental application claiming 2.8 hours for efforts to obtain compliance with the settlement agreement. This amounts to a total of 263.8 hours claimed by Attorney Hodgson. Linda Grossberg, a paralegal working with Attorney Hodgson, has claimed a total of 113.8 hours. In contesting the number of compensable hours claimed by these plaintiffs, the defendant has not objected to any specific time claimed in the

affidavits. Rather, relying primarily on *Thomas v. Board of Trustees*, 599 F.Supp. 331 (D.Conn.1984), defendant argues that the number of hours claimed should be arbitrarily reduced by 50%. In *Thomas*, the court applied *Hensley, supra*, to reduce the number of hours claimed by one-half in view of the limited success achieved by plaintiff on his claims. *Thomas*, 599 F.Supp. at 336. The Supreme Court in *Hensley*, however, made clear that in this context the "district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. In this case, the court believes that a reduction in the number of hours claimed as suggested by the defendant is unwarranted. This case had been pending for more than four years before it was settled. Although they did not prevail on every claim they raised, the plaintiffs, in the court's view, achieved substantial relief. Having reviewed the affidavits, and in the absence of any specific objections to time spent on the case, the court concludes that the 263.8 hours claimed by Attorney Hodgson and the 113 hours claimed by Linda Grossberg are fully reasonable in view of the results obtained.

### 2. *Debbie Spivak*

■ Attorney Debbie Spivak, on behalf of plaintiff William Vogler, has claimed a total of 537 hours spent in connection with this litigation. Her Exhibit A, attached to the affidavit submitted to the court, is rife with cryptic descriptions of time purportedly spent on the case. The court has been faced with the arduous task of attempting to decipher Exhibit A in an effort to determine a reasonable amount of time for which Attorney Spivak may be compensated. In view of the 263.8 hours claimed by Attorney Hodgson in representing fourteen plaintiffs, Attorney Spivak's claim for 537 hours is obviously excessive. Having reviewed her affidavit, and being familiar with these proceedings and Attorney Spivak's role in this case, the court concludes

that she is reasonably entitled to claim 150 hours.

### B. *Hourly Rates*

#### 1. *Attorney Hodgson*

■ Attorney Hodgson is claiming compensation at the rate of $150.00 per hour. Defendant challenges this rate, and appears to argue that $100.00 per hour would be appropriate compensation for Attorney Hodgson. In addition, defendant argues that "historic rates" rather than current rates should be used in determining the award of fees.

■ The hourly rate for an award of attorney's fees in this context is to be determined by considering the prevailing "market rate" in the relevant community for similar work. *See Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1983). The court believes that current rates should be awarded in this case to fully compensate plaintiffs' counsel. *See Bridgeport Guardians, Inc. v. De-Monte, et al.*, Civ. No. B–78–175 (D.Conn. May 6, 1983). Having reviewed her affidavit, and in view of prevailing "market rates" and Attorney Hodgson's demonstrated highly professional performance and ability, the court concludes that Attorney Hodgson's appropriate compensation is $150.00 per hour.

#### 2. *Attorney Debbie Spivak*

■ Attorney Spivak is claiming compensation at a rate of $100.00 per hour. In view of her experience as stated in her affidavit, the court concludes that an appropriate rate of compensation for Attorney Spivak is $85.00 per hour.

#### 3. *Paralegal*

■ Plaintiffs claim compensation for Linda Grossberg, a paralegal working with Attorney Hodgson, at the rate of $50.00 per hour. Once again, in view of prevailing market rates, the court believes that $30.00 per hour is reasonable compensation for Ms. Grossberg.

Based on these figures, the lodestar figure may be calculated as follows:

| | No. of Hrs. | Rate | Fee |
|---|---|---|---|
| Attorney Hodgson | 263.8 | $150.00 | $39,570.00 |
| Attorney Spivak | 150 | 85.00 | 12,750.00 |
| Linda Grossberg (paralegal) | 113 | 30.00 | 3,390.00 |
| | | TOTAL | $55,710.00 |

## MULTIPLIER

 Plaintiffs [1] argue that a "multiplier" of 2.5 should be applied to the lodestar figure in this case because of the contingent nature of the case, the "exceptional" results achieved and the "unusual economy of time spent" by plaintiffs' counsel. With respect to the contingent nature of the case, plaintiffs argue that an enhanced fee is justified because of the risks involved in this action. Some courts have recognized that where attorneys take on cases such as this on a contingency basis, there may be certain risk factors involved which should be reflected by awarding an enhanced fee to a prevailing party. *See, e.g., Cohen v. West Haven Bd. of Police Commissioners*, 638 F.2d 496, 505 (2d Cir.1980); *Bridgeport Guardians, Inc., et al. v. Delmonte, et al.*, Civ. No. B–78–175 (D.Conn. May 6, 1983). The question of whether the "risk of loss" may provide a basis for an upward adjustment of a fee award has not yet been decided by the Supreme Court. *See Blum, supra*, 465 U.S. at 901 n. 17, 104 S.Ct. at 1550 n. 17.[2] The Court has made clear, however, that the burden of proving any adjustment to the lodestar figure is on the fee applicant. *Id.* at 898, 104 S.Ct. at 1548–49. The plaintiffs here have not sustained their burden of demonstrating that the facts were so complex or the issues so novel as to make this case an unusually risky undertaking. The present record demonstrates that plaintiffs faced no more than the normal risks of litigation involving claims of age discrimination and, keeping in mind the teaching of *Blum* that fee enhancement must be reserved for "rare" or "exceptional" cases, it is clear that the risk of loss does not justify the application of a multiplier in this instance.

Plaintiffs' contention that "exceptional" results were achieved in this case is also unconvincing. In view of the overall claims asserted in this action, the court is not prepared to conclude that the settlement was so "exceptional" as to warrant the application of a multiplier.

 Finally, the economy of time spent by plaintiffs' counsel, although laudable, is a function of counsel's expertise and does not in the court's view provide a basis for enhancement of the lodestar figure. That figure, discussed *supra*, is "fully compensatory" for the time actually spent on this action. *See Blum*, 465 U.S. at 901–02, 104 S.Ct. at 1550.

## CONCLUSION

 Defendant shall pay the following attorneys' fees in this action: Attorney Hodgson, $39,570.00; Attorney Spivak, $12,750.00; Linda Grossberg (paralegal), $3,390.00. Defendant does not contest Attorney Hodgson's application for costs which, in any event, the court finds appropriate and reasonable. Accordingly, costs are awarded in the amount of $1,622.48 as sought by Attorney Hodgson. Defendant does contest the accuracy of Attorney Spivak's claim for costs. In the absence of substantiation of those costs, invited by defendant's brief, the court is constrained to limit the cost award to $221.45, representing transcript costs.

SO ORDERED.

---

1. Attorney Spivak has not claimed that any multiplier should be applied with respect to her fee.

2. The Court will apparently face this issue on reargument in *Pennsylvania Delaware Valley Citizens Council, supra*.